IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:08CR15 |
| vs. | ) | |
| | ) | ORDER |
| **EDWIN GUEVARA-PINEDA,** | ) | |
| | ) | |
| Defendant. | ) | |

    The trial order scheduling this case for March 25, 2008 was filed on February 12 and provided that any motions for a continuance were to be filed by March 11, 2008, and any defense motion for continuance were to be accompanied by a written affidavit signed by the defendant in accordance with NECrimR 12.1. Defendant's pending MOTION TO CONTINUE TRIAL [12] was not filed until March 16 and was not accompanied by the required affidavit, although the motion does state that the affidavit would be filed "forthwith." Defendant was given until March 18 to file the affidavit. On March 19, 2008, defense counsel filed a notice that it would be impossible to do so because he has discovered that his client is being held in Dawson County and will not be brought back to the local area until March 20 or 21.

    Counsel requests a continuance because "counsel for the Defendant is scheduled for trial in Sarpy County, Nebraska which trial was calendared prior to the calendaring of this federal trial and the case in Sarpy County will proceed to trial." If the Sarpy County case was, in fact, calendared before February 12, 2008, there does not appear to be any reason why defense counsel could not have filed a timely motion accompanied by the defendant's affidavit. Based on defense counsel's professional representation that he does, in fact, have a scheduling conflict for the date of trial, the court will continue the trial of this matter to April 1, 2008.

    **IT IS ORDERED** that defendant's Motion [12] is granted, as follows:

    1. The trial of this matter is continued to **Tuesday, April 1, 2008.**

    2. In accordance with 18 U.S.C. § 3161(h)(8)(A), the court finds that the ends of justice will be served by granting the requested continuance and outweigh the interest of the public and the defendant in a speedy trial because of defense counsel's scheduling conflict, and the time between March 25, 2008 and April 1, 2008 shall be excluded under the Speedy Trial Act. Failure to grant a continuance would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(A) & (B)(i).

    **DATED March 19, 2008.**

                                         **BY THE COURT:**

                                         **s/ F.A. Gossett**
                                         **United States Magistrate Judge**